No. 84–5303. WAYE *v.* MORRIS, SUPERINTENDENT, MECKLENBURG CORRECTIONAL CENTER. Sup. Ct. Va. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

## I

In state habeas corpus proceedings, petitioner argued that he was denied effective assistance of trial counsel as evidenced by that counsel's failure to object to an instruction that was inconsistent with the decision this Court announced, one year after petitioner's trial, in *Sandstrom* v. *Montana*, 442 U. S. 510 (1979). Petitioner's sole defense at his capital trial for murder was lack of premeditation. The evidence at trial showed that petitioner had consumed a number of beers on the evening of the crime and that, immediately after killing the victim, he telephoned police to report that he "had killed somebody." Petitioner accompanied sheriff's

deputies to the victim's house, where he showed them the body. Petitioner was convicted of capital murder on April 7, 1978, and sentenced to death.

The instruction at issue, evidently taken from the Virginia form book of jury instructions, was as follows:

> "The Court instructs the jury that a man is presumed to intend that which he does, or which is the immediate or necessary consequences [sic] of his act."

As the State now concedes, there is no doubt that this instruction violates the Constitution, for in *Sandstrom* we held that a virtually identical instruction violated due process and the principles against burden shifting we had set forth in *Mullaney* v. *Wilbur*, 421 U. S. 684 (1975), and *Patterson* v. *New York*, 432 U. S. 197 (1977). *Sandstrom*, however, was decided by this Court on June 18, 1979, a little over a year after petitioner's trial. The question presented by this petition is thus whether the failure of petitioner's counsel, in a capital case in which premeditation was the only issue, to make the very same objection that Sandstrom's trial counsel had made several years earlier indicates that petitioner was denied his Sixth Amendment right to effective counsel.

This question presents the Court with an important opportunity to give content to the generalized standards for constitutionally effective counsel announced last Term in *Strickland* v. *Washington*, 466 U. S. 668 (1984). With respect to the prejudice prong of *Strickland*, the fact that the Court has already seen fit to grant a petition for certiorari on the question whether *Sandstrom* error can ever be harmless indicates that the prejudice issue is worthy of the Court's attention. *Franklin* v. *Francis*, 720 F. 2d 1206 (CA11 1983) and 723 F. 2d 770, cert. granted, 467 U. S. 1225 (1984);[1] see also *Connecticut* v. *Johnson*, 460 U. S. 73 (1983) (four-Justice plurality holding that *Sandstrom* error is never harmless). And with respect to the ineffectiveness component of *Strickland*— the requirement that counsel's performance not fall below the "range of competence demanded of attorneys in criminal cases," *Strickland, supra*, at 687—petitioner has marshaled a strong case.

---

[1] To the extent there is any question as to whether petitioner was prejudiced by the defective instruction, the petition ought at least to be held for our decision in *Francis*, in which we will address the effect of *Sandstrom* error.

Petitioner's trial took place in April 1979. Nearly two years earlier, in Deer Lodge County, Mont., David Sandstrom's counsel had realized that decisions from this Court made it virtually certain that the instruction used at petitioner's trial was inconsistent with the Constitution, a contention with which we eventually and unanimously agreed. Our decision in *Sandstrom*, we stated, was a logical outgrowth of *Mullaney* v. *Wilbur*, *supra*— in which the Court invalidated an instruction that malice was to be implied unless the defendant rebutted this presumption—and *Patterson* v. *New York*, *supra*, at 215—in which we reaffirmed that "a State must prove every ingredient of an offense beyond a reasonable doubt, and . . . may not shift the burden of proof to the defendant" by means of any presumption. Both of these decisions, of course, were available to petitioner's counsel at the time of trial.

*Mullaney*, in particular, should have put petitioner's counsel on notice to make the objection. As petitioner informed the state habeas court, in the wake of *Mullaney* a spate of Virginia publications, including ones oriented to practitioners, had suggested that the Virginia instruction on implied malice used at petitioner's trial was constitutionally defective. See, *e. g.*, Comment, Has the Burger Court Dealt a Death Blow to the Presumption of Malice in Virginia, 10 U. Rich. L. Rev. 687 (1976); Friend, The Law of Evidence in Virginia §§ 89–93 (1977); see also Note, Reforming the Law of Homicide, 59 Va. L. Rev. 1270 (1973). In addition, a criminal lawyer of long experience in Virginia testified in petitioner's state habeas proceedings that, after *Mullaney* and as of 1978, every competent attorney in a Virginia case in which premeditation was at issue would have viewed it as mandatory to object to the burden-shifting instruction. As the attorney said: "[I]f the Commonwealth requests an instruction that says presumption, if that word presumption is in there, the red flag goes up and the defendant ought to be prepared to object to it. *Mullaney* is one of the grounds." Pet. for Cert. 10.

This is therefore not a case in which "defense counsel [failed to] recognize and raise every conceivable constitutional claim." *Engle* v. *Isaac*, 456 U. S. 107, 134 (1982). Nor is it a case in which either "the defendant's own statements or actions" or an arguably "tactical decision" of counsel can even plausibly justify the failings of petitioner's counsel. Instead, trial counsel in a

capital case "simply did not think"[2] to make an objection that every competent attorney in Virginia allegedly would have made and that David Sandstrom's counsel had thought to make a full two years earlier.

The way in which the state courts have treated petitioner's ineffectiveness claim suggests that, at the least, this Court ought to vacate the judgment below and remand for reconsideration in light of *Strickland.* The Virginia Supreme Court denied a petition for appeal on the issue, stating simply in one sentence that there was no reversible error in the judgment of the State Circuit Court that had considered the merits of petitioner's claim. To the extent it is possible to decipher the Circuit Court's judgment, however, it seems primarily based on the conclusion that "[i]nstructions given at Petitioner's trial were both adequate and appropriate, and therefore Petitioner's counsel was not ineffective in failing to ask for instructions which Petitioner now claims should have been requested" and the holding that "[a]s a matter of law, no evidence of prejudice has been shown . . . ." App. to Pet. for Cert. 7, 6. The former is an impermissible conclusion under *Sandstrom* and indicates that the court simply did not understand the nature of the *Sandstrom* claim. The latter conclusion, to the extent it is in fact a holding of law, also violates *Sandstrom;* to the extent the conclusion instead is an evidentiary one based on review of the record as a whole, the decision should still be vacated and remanded once this Court decides *Francis, supra,* and outlines the standard by which the prejudice prong of *Strickland* applies to *Sandstrom* claims.[3]

In light of the substantiality of petitioner's claim and the shoddy treatment it and our precedents have received in the Virginia courts, I would grant the petition and address the application of *Strickland* to this case.[4] At a minimum, however, the petition

---

[2] Pet. for Cert. 3 (citing testimony at plenary hearing on state habeas petition).

[3] Again, to assure that similarly situated capital defendants are treated similarly, the Court should also consider holding this petition pending decision in *Francis.*

[4] I note also that, if petitioner's counsel cannot be considered ineffective for failing to have raised this objection, it can only be because the claim was not sufficiently apparent at the time of trial that all reasonably competent attorneys would have raised it. In that case, under our decision last Term in *Reed*

should be granted and the judgment below vacated so that the state courts can start this time from the correct premise that a *Sandstrom* error was committed and then begin to consider petitioner's ineffectiveness claim in light of that error and against the backdrop of our decision in *Strickland*.

## II

Because I continue to adhere to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976), I would in any event grant the petition and vacate the death sentence. In this particular case, I would also grant the petition to address on the merits the questions of whether petitioner's counsel performed with reasonable competence when he failed to object to a constitutionally defective instruction and whether petitioner was sufficiently prejudiced by this failure to warrant a new trial.

---

v. *Ross*, 468 U. S. 1 (1984), petitioner and his counsel would have had cause for the failure to raise it, and the federal habeas court would then be required to consider whether the failure to give the instruction sufficiently prejudiced petitioner as to require that court to consider the merits of petitioner's challenge. *Wainwright* v. *Sykes*, 433 U. S. 72 (1977). That issue, of course, must be left in the first instance to the federal habeas court.