396 So.2d 1249 (1981)
STATE of Louisiana ex rel., Robert Wayne WILLIAMS
v.
Frank C. BLACKBURN.
No. 81-K-0798.
Supreme Court of Louisiana.
March 26, 1981.
Denied.
DIXON, C. J., would grant a stay order and grant the application to consider the argument which minimized the importance of the jury's function because of the appellate function of the Supreme Court.
CALOGERO, J., concurs in denial of stay of execution and denial of writs and assigns reasons.
*1250 DENNIS, J., would stay the execution until this Court has heard oral arguments and addressed two very troublesome issues raised by the case for reasons to be assigned later today.
DENNIS, Justice, dissenting to denial of stay order.
I would stay the execution until this Court has heard oral arguments and fully addressed two very troublesome issues raised by this case.
We have never directly addressed the issue of whether this Court may affirm a death sentence if one or more of the aggravating circumstances found by the jury does not exist. The Supreme Court has indicated that it would be unconstitutional to base a death penalty exclusively upon an invalid statutory aggravating circumstance. Godfrey v. Georgia, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980).
Recently, the United States Fifth Circuit Court of Appeals held unconstitutional a death sentence imposed when one of the aggravating circumstances was later held to be unconstitutional even though there were two other aggravating circumstances, either of which by itself would be legally sufficient to permit the jury to impose the death penalty. Stephens v. Zant, 631 F.2d 397 (5th Cir. 1980). This Court presently has under consideration cases in which the issue will be fully addressed. This Court, therefore, should grant a stay of execution at least until it has fully decided the question either by an opinion in this case or in one of the other cases now pending before us.
The other very substantial question which has been raised is whether the prosecuting attorney made an impermissible closing argument to the jury which conveyed the message that the jury's awesome responsibility of deciding whether death is the appropriate punishment is in any way lessened by this Court's limited review of the capital sentence proceeding. See State v. Berry, 391 So.2d 406 (La.1980) (on rehearing).
CALOGERO, Justice, concurring in the denial of the stay of execution.
Inasmuch as the Court majority finds all of relator's contentions in this application to be without merit, granting the stay would serve no purpose other than to cause delay and retard the judicial process. Therefore, I concur in the denial of the stay of execution.
Nonetheless, I believe that one of relator's contentions has merit. Relator argues that the District Attorney's reference, in his closing argument to the jury in the penalty phase of the trial, to automatic review by the Supreme Court of all death cases constitutes reversible error. I have previously expressed my views on this issue in a dissent from this Court's refusal to grant a rehearing in State v. Berry, 391 So.2d 406 (La.1980).
Just as in Berry, the prosecutor here presented lengthy argument to the jury emphasizing specific statutory provisions concerning the appellate review process in death cases in an effort to convey to the jury that their responsibility for deciding this defendant's fate was lessened by the fact that their decision was not a final one. As I stated in Berry, it is my view, as well as the view expressed in the overwhelming majority of cases from other jurisdictions, that comments by the prosecuting attorney in his argument to the jury during the penalty phase of a capital trial that a higher court will review their findings are calculated to induce the jury to disregard their responsibility, and that such argument constitutes reversible error. 75 Am.Jur.2d § 230; Fleming v. State, 240 Ga. 142, 240 S.E.2d 37 (1977); Hawes v. State, 240 Ga. 327, 240 S.E.2d 833 (1977); Prevatte v. State, 233 Ga. 929, 214 S.E.2d 365 (1975); State v. Gilbert, 258 S.E.2d 890 (S.C.1979); State v. Tyner, 258 S.E.2d 559 (S.C.1979); State v. Jones, 296 N.C. 495, 251 S.E.2d 425 (1979); and People v. Johnson, 284 N.Y. 182, 30 N.E.2d 465 (1940).