## ALABAMA *v.* EVANS

No. A–858.  Decided April 22, 1983

PER CURIAM.

This matter was presented to JUSTICE POWELL on the morning of April 22, 1983, on an application for an order vacating a stay of execution, and by him referred to the Court. It is helpful to review briefly the sequence of events that preceded this application.

On April 8, 1983, the Alabama Supreme Court ordered that respondent John Louis Evans III be executed on April 22, 1983, at 12:01 a. m., c. s. t.   On April 19, 1983, respondent filed a petition here for a writ of certiorari to the Alabama Supreme Court and an application for stay of execution addressed to JUSTICE POWELL as Circuit Justice.   At approximately 5:45 p. m., e. s. t., on April 21, 1983, JUSTICE

POWELL, acting in his capacity as Circuit Justice, and with the concurrence of six other Members of the Court, denied respondent's application for a stay of execution pending disposition of his writ of certiorari to the Alabama Supreme Court. (See *post*, p. 1301.)

At 5:23 p. m., c. s. t., on April 21, respondent filed a petition for a writ of habeas corpus in the District Court for the Southern District of Alabama. At approximately 9:30 p. m., c. s. t., the District Court, stating that "the time available does not permit this Court to make a meaningful review or study," temporarily stayed the execution. The State sought an order from the Court of Appeals for the Eleventh Circuit vacating the stay. At 12:25 a. m., e. s. t., the court denied the motion, stating that "[b]ased upon the telephonic oral presentation by both parties to the Court we are unable to conclude that the District Judge has abused his discretion in granting the temporary stay . . . ." Pursuant to Alabama law, the warrant to carry out the execution expires at 11:59 p. m., c. s. t., on April 22, 1983.

The State seeks an order vacating the District Court's temporary stay. Respondent has filed a response in opposition to the State's application.

JUSTICE POWELL's order of April 21, 1983, denying respondent's application for a stay of execution, described the lengthy proceedings that have followed respondent's conviction and death sentence for first-degree murder committed during the course of a robbery in 1977. Respondent has exhausted his review by way of direct appeal and by way of the petition for a writ of habeas corpus filed in April 1979. He also has had his claims heard a second time by the Alabama Supreme Court acting on a petition for a new sentencing hearing. In sum, respondent's "constitutional challenges to Alabama's capital-sentencing procedures have been reviewed exhaustively and repetitively by several courts in both the state and federal systems." *Post*, at 1302 (POWELL, J., in chambers).

Following a brief hearing on the evening of April 21, 1983, the District Court found that "counsel for petitioner conceded that all issues raised in the petition were raised in the petition previously filed before [the United States District Court] except for the issue asserted in section 12 of the petition." Thus, in the latest petition for habeas corpus filed in this case, all but one of the grounds presented have been presented before and rejected.

The one new issue now raised by respondent is a claim that the Alabama courts applied a statutory aggravating factor in an unconstitutionally broad manner. The trial court found that on numerous prior occasions respondent "knowingly created a great risk of death to many persons. By Mr. Evans' testimony, he was involved in thirty armed robberies and nine kidnappings with [codefendant] Mr. Ritter, and further claims to have been involved in approximately 250 armed robberies prior to associating with Mr. Ritter." *Evans* v. *State*, 361 So. 2d 654, 663 (Ala. Crim. App. 1977). Respondent contends that by construing this statutory aggravating factor to encompass acts not involving the offense for which he was found guilty, the trial court construed the statute in an unconstitutionally broad manner.

Respondent does not appear to have raised this challenge at any time in any of the many prior state and federal proceedings in his case. Nor was the existence of this claim made known to this Court in any of the papers filed by respondent before JUSTICE POWELL's denial of respondent's application for a stay of execution. The claim thus was raised for the first time in respondent's second petition for a writ of habeas corpus, filed approximately seven hours before his scheduled execution. His only justification for raising this issue now is that, in his view, the decision in *Proffitt* v. *Wainwright*, 685 F. 2d 1227, 1265–1266 (CA11), decided in September 1982, some seven months ago, has changed the applicable law. *Proffitt*, however, does not address the

question whether this particular aggravating factor may be applied to acts unrelated to the capital offense itself. The decision in that case only applies the principle established in *Godfrey* v. *Georgia*, 446 U. S. 420 (1980), that aggravating factors must be construed and applied in a nonarbitrary manner. On the facts of respondent's case, there was no violation of the *Godfrey* principle in finding this particular aggravating circumstance. Nor is thére any question that application of this aggravating factor was proper under the Alabama statute as construed by the Alabama courts. After carefully reviewing the record, the Alabama Court of Criminal Appeals, in sustaining respondent's death sentence, stated: "The aggravating circumstances were here averred and proved at trial, and also determined by the trial judge in a public hearing, as required by law. In addition, this Court has weighed the aggravating and mitigating circumstances independently." 361 So. 2d, at 662.

Respondent's petition for a writ of habeas corpus filed on April 21, 1983, thus seeks to litigate several issues conclusively resolved in prior proceedings and a claim never before raised. This new claim, challenging the validity of one of the aggravating circumstances found to exist in this case, is a question of law as to which no further hearing is required. For the reasons stated above, we conclude that the claim is without merit.* Accordingly, the application of the State

---

*In a case of this kind, a district court normally should find and state substantive grounds for granting a stay of execution. In the circumstances of this case, however, we understand the difficult situation in which the District Court found itself. Judge Cox was not the judge who had reviewed this case on the previous habeas corpus petition. Apparently without notice, this second habeas corpus petition and application for a stay of execution, filed by the same counsel who had filed the previous application for a stay in this Court, was not filed until about seven hours prior to the scheduled execution time. No explanation has been offered by counsel for the timing of these applications.

of Alabama to dissolve and vacate the stay ordered by the United States District Court is granted.

*It is so ordered.*

JUSTICE BRENNAN would deny the application.

CHIEF JUSTICE BURGER, concurring:

I agree with the Court's action vacating the temporary stay entered by Judge Emmett Cox, United States District Court, Mobile, Ala. This matter had never been before Judge Cox prior to April 21 and had been referred to him due to the absence of Judge William B. Hand, who had previously acted on the case and who was out of the State on judicial business. Far from being a matter in which there is hasty judicial action, this case has been heard and reviewed over the past six years, by not less than 14 state appellate judges and 13 federal judges, and this Court has previously acted on this case, see *Hopper* v. *Evans*, 456 U. S. 605 (1982).

This case falls within a familiar* pattern of literal "eleventh hour" efforts to frustrate judicial decrees after careful and painstaking judicial consideration over a period of years. For more than six months prior to April 21 the courts were open to consider the petition presented to Judge Cox at or about 5:30 p. m., Thursday, April 21, but counsel failed to present any application for relief during that period. At that late hour a petition that could have been presented long before was thrust upon a judge who had no previous contact with the case.

This Court is fully familiar with the records in the state and federal courts on Evans' case; the claim now presented is wholly without merit and the Court appropriately vacates the stay of execution granted yesterday.

---

*See *Brooks* v. *Estelle*, 459 U. S. 1061 (1982), and *Mitchell* v. *Lawrence*, 458 U. S. 1123 (1982).

JUSTICE MARSHALL, dissenting.

It has long been recognized that this Court's power to dissolve a stay "should be exercised with the greatest of caution and should be reserved for exceptional circumstances." *Holtzman* v. *Schlesinger*, 414 U. S. 1304, 1308 (1973) (MARSHALL, J., in chambers). Exercise of this power is proper only where the record demonstrates that the grant of a stay was clearly an abuse of discretion. *Brown* v. *Chote*, 411 U. S. 452, 457 (1973).

On the basis of the papers before us, I am frankly at a loss to comprehend how the majority can conclude, in the brief time we have had to consider the matter, that the District Court abused its discretion in granting the stay and that the Court of Appeals erred in declining to vacate the stay. In his petition for a writ of habeas corpus, Evans claimed that the Alabama Supreme Court has never determined whether his sentence is proportional to his crime in light of the sentences received by other defendants in Alabama, and that the sentencing judge gave an unconstitutionally broad construction to one of the aggravating circumstances on which the sentence was based. Although the first claim was previously considered by a Federal District Court, the relevant law has changed since that earlier decision, see *Harris* v. *Pulley*, 692 F. 2d 1189 (CA9 1982), cert. granted, 460 U. S. 1036 (1983), and the decisions of this Court firmly establish that a state prisoner may relitigate a constitutional claim "upon showing an intervening change in the law." *Sanders* v. *United States*, 373 U. S. 1, 17 (1963). The second claim has never been considered by any federal court and finds support in the decision of the Court of Appeals for the Eleventh Circuit in *Proffitt* v. *Wainwright*, 685 F. 2d 1227, 1265–1266 (1982).

The District Court concluded that "the time available" did not "permit [the] meaningful review or study" that would be necessary to decide Evans' claims on the merits. *Evans* v.

*Smith*, Civ. Action No. 83–0391–H (SD Ala., Apr. 21, 1983). Under these circumstances, it was completely proper for the court to grant a stay of execution to afford an opportunity to decide whether Evans' death sentence is indeed unconstitutional.\* ˙As Justice Harlan once stated, when a prisoner under a sentence of death presents a constitutional claim, a court should grant a stay even if it has "grave doubt . . . as to whether [the prisoner] . . . presents any substantial federal question." *Edwards* v. *New York,* 76 S. Ct. 538, 100 L. Ed. 1523 (1956) (in chambers).

This Court's action today is particularly indefensible in view of the fact that Evans has never had an opportunity to respond to the supplementary papers that the State has filed in support of its application to vacate the stay. The State has done nothing to serve those papers, which were filed today, other than placing a copy in the mail. The papers obviously will not be received by Evans' counsel until after it is too late.

"It is . . . important that before we allow human lives to be snuffed out we be sure—emphatically sure—that we act

---

\*The issue before us is not affected by the fact that on April 21, 1983, JUSTICE POWELL, acting as Circuit Justice, denied an application for a stay of execution pending filing of a petition for certiorari to the Supreme Court of Alabama. *Post,* p. 1301. The standard governing an application for a stay pending the filing of a petition for certiorari is entirely different from the standard governing an application to *vacate* a stay granted by a lower court. A stay pending the filing of a petition for certiorari will be granted only where there is "'a reasonable probability that four Members of the Court would find that [the] case merits review.'" *Post,* at 1302. In denying the application for a stay, JUSTICE POWELL concluded that there was no such probability.

That determination has no bearing on the merits of the claims that respondent has presented to the District Court. Since the denial of certiorari "imports no expression of opinion upon the merits of a case," *House* v. *Mayo,* 324 U. S. 42, 48 (1945), certainly a conclusion by a Circuit Justice that the Court would deny certiorari likewise is not an expression of opinion upon the merits.

within the law." *Rosenberg* v. *United States*, 346 U. S. 273, 321 (1953) (Douglas, J., dissenting). The execution of Evans prior to a decision of his claims on the merits will ensure that such certainty is never achieved.

I dissent. The world will not come to an end if the execution is stayed at least until Monday, to permit the District Court to hold a hearing.