Robert Wayne WILLIAMS,
Petitioner-Appellant,

v.

John T. KING, Secretary of the Department of Corrections and Ross Maggio, Jr., Warden, Louisiana State Penitentiary, Respondents-Appellees.

No. 83–3647.

United States Court of Appeals,
Fifth Circuit.

Oct. 23, 1983.

Samuel S. Dalton, Jefferson, La., for petitioner-appellant.

Kay Fitzpatrick, Asst. Atty. Gen., Baton Rouge, La., for respondents-appellees.

Before BROWN, REAVLEY and HIGGINBOTHAM, Circuit Judges.

BY THE COURT:

### I.

Robert Wayne Williams seeks a certificate of probable cause and stay of his execution now set for Tuesday, October 25, 1983 between the hours of midnight and three a.m.

### II.

Robert Wayne Williams was convicted in the state courts of Louisiana on April 19, 1979 of first degree murder and was sentenced to death by a jury. His conviction and sentence were affirmed on direct appeal by the Louisiana Supreme Court, *State v. Williams,* 383 So.2d 369 (La.1980), and certiorari was denied by the United States Supreme Court, *Williams v. Louisiana,* 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 828 (1981).

Subsequently, petitioner filed a writ of habeas corpus in the Louisiana state court for the Nineteenth Judicial District on March 20, 1981. Denial of that writ was affirmed by the Louisiana Supreme Court on March 26, 1981. See *State ex rel. Williams v. Blackburn,* 396 So.2d 1249.

Petitioner then filed for federal habeas corpus relief in the District Court for the Middle District of Louisiana. Judge Polozo-

la denied his writ on March 27, 1981, and Petitioner appealed to the United States Court of Appeals for the Fifth Circuit. The original panel in the Fifth Circuit upheld the lower court decision, *Williams v. Blackburn,* 649 F.2d 1019 (5th Cir.1981). After a rehearing en banc with oral argument, the petition was again denied in June, 1982. See *Williams v. Maggio,* 679 F.2d 381 (5th Cir.1982). A petition for rehearing of the en banc decision was denied on August 12, 1982. *Id.*

Petitioner applied for a writ of certiorari in December of 1982. That petition was denied June 27, 1983, and his application for rehearing was denied on September 8, 1983 (after a stay granted by Justice Brennan on July 14, 1983). *Williams v. Maggio,* —— U.S. ——, 103 S.Ct. 3553, 77 L.Ed.2d 1399. Judge Foil, the State Trial Judge, issued a warrant for Petitioner's execution to take place on October 25, 1983 between the hours of twelve midnight and three a.m.

On October 4, 1983 the Petitioner filed a second petition for a writ of habeas corpus in the Nineteenth Judicial District Court. That petition was denied by Judge Foil on that same day.

On October 14, 1983, the Petitioner filed a subsequent petition for writ of habeas corpus with the Louisiana Supreme Court. That petition was denied on October 18, 1983.

On October 20, 1983, the petitioner filed this second petition for writ of habeas corpus with the United States District Court for the Middle District of Louisiana. This petition was denied on October 21, 1983 by Judge Polozola in a written order.

### III.

Williams now makes four arguments:

1. The Louisiana Supreme Court's practice of conducting only district-wide, rather than state-wide, proportionality review of death sentences is unconstitutional.

2. The prosecutor's inflammatory remark at the close of the sentencing phase elicited a decision based on passion, not reason.

3. .The trial judge incorrectly instructed the jury on the lesser included offense of manslaughter, on which there was no evidence.

4. Petitioner's jury was neither impartial, nor a representative cross-section of the community, in violation of his sixth amendment rights.

### IV.

1. We agree with the District Court with regard to claims 2, 3, and 4, and turn to claim number 1.

2. In December 1982, the Ninth Circuit overturned the death sentence for lack of a proportionality review. *Harris v. Pulley,* 692 F.2d 1189 (9th Cir.1982). On March 21, 1983, the Supreme Court granted certiorari to consider two points regarding proportionality:

(1) Does Constitution, in addition to procedures whereby trial court and jury impose death sentence, require any specific form of "proportionality review" by court of statewide jurisdiction prior to execution of state death judgment? (2) If so, what is the constitutionally required focus, scope, and procedural structure of such review?

*Pulley v. Harris,* —— U.S. ——, 103 S.Ct. 1425, 75 L.Ed.2d 787 (1983).

On April 22, 1983, Alabama petitioned the Supreme Court to vacate a stay of execution granted to a prisoner, Evans, who argued the absence of a proportionality review of his sentencing by the Alabama courts. Over Justice Marshall's dissent that the Court had granted plenary review of the proportionality issue in *Harris v. Pulley,* Evans' stay was vacated, *Alabama v. Evans,* —— U.S. ——, 103 S.Ct. 1736, 75 L.Ed.2d 806 (1983), and he was executed.

In July, 1983, Jimmy Lee Gray appealed to this Court to stay his execution, arguing, among other grounds, that:

[I]n light of the Supreme Court's recent grant of certiorari on the issue of what form of proportionality review, if any, is

constitutionally required in capital cases, this Court should grant the application in order to withhold judgment on this·issue until such time as it can determine whether the narrow method used by the Mississippi Supreme Court to review petitioner's case passes constitutional muster. *Gray v. Lucas,* 710 F.2d 1048, 1057 (5th Cir.1983). We rejected that argument, holding:

> Gray urges that we should withhold decision pending the decision of the Supreme Court in *Pulley v. Harris* where it granted certiorari to determine whether review is constitutionally required and if so "what is the constitutionally required focus, scope and procedural structure of such review." *See Pulley v. Harris, cert. granted,* [——] U.S. [——], 103 S.Ct. 1425, 75 L.Ed.2d 787 (1983). *See* 51 U.S.Law Week 3590. We note that a similar claim was raised in opposition to dissolve a stay in *Alabama v. Evans,* [——] U.S. [——], 103 S.Ct. 1736, 75 L.Ed.2d 806 (1983), but the court declined to halt the execution.

*Gray v. Lucas,* 710 F.2d at 1057. On September 1, 1983, the Supreme Court denied certiorari, —— U.S. ——, 104 S.Ct. 211, 77 L.Ed.2d 1453 (1983), and Gray was executed.

On September 1, 1983, we refused in a divided panel to stay the execution of Baldwin, a Louisiana prisoner, rejecting his proportionality argument:

> The question Baldwin presents is whether the Louisiana Supreme Court, which under the Louisiana capital punishment statute reviews death sentences meted out by juries, violates the federal Constitution by reviewing those sentences on a district-by-district rather than a statewide basis. Even if the Court in *Pulley* decides that proportionality review is constitutionally required, we find no reasonable basis for concluding that the Court will require the state-wide review that we declined to require in *Williams.* This conclusion is reinforced by the denial of review, albeit now stayed, in *Williams.*

*Baldwin v. Maggio,* 715 F.2d 152, 155 (5th Cir.1983) (footnote omitted). On September 27, 1983, the Supreme Court granted a stay, —— U.S. ——, 104 S.Ct. 45, 77 L.Ed.2d 1458 (1983).

On October 5, 1983, we rejected the last minute plea of David Autry that Texas failed to review his death sentence for proportionality, noting that a similar claim was raised in *Alabama v. Evans,* but that the Supreme Court had declined to halt that execution. Minutes before the scheduled execution, Justice White granted a stay, noting that, "in view of our decision to give [*Harris v. Pulley*] plenary consideration, I cannot say that the [proportionality] issue lacks substance." *Autry v. Estelle,* —— U.S. ——, 104 S.Ct. 24, 78 L.Ed.2d 7 (1983).

To these recitations of developments in other cases, including actions and inactions in the Supreme Court, we would add the developments in Williams' own case, because of a unique fact. That fact is that the Supreme Court may well conclude that it has already determined that Williams' claim No. 1 on proportionality is without merit. In the decision of the panel, 649 F.2d at 1021, we rejected Williams' claim of inadequate proportionality review. This was affirmed by the en banc court, where we stated:

> Although the Supreme Court has referred to statewide reviews as commendable in the effort to insure against an arbitrary imposition of the death penalty, it has never implied that such review is a constitutional requirement. *Gregg v. Georgia* [428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859] *supra; Proffitt v. Florida,* [428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913] *supra; Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). The review quoted above provides adequate safeguards against freakish imposition of capital punishment. Just as a venire chosen from a cross-section of the community in which the crime is committed is an adequate constitutional safeguard against arbitrary imposition of verdicts and sentences, so a review of the murder convictions imposed within that venire commu-

nity is sufficient to ensure against arbitrary imposition of the death penalty. We concur with the statement in the panel decision of this case that "we have heard nothing that would even hint at unconstitutionality, and wholly reject the argument." 649 F.2d at 1021.

*Williams v. Maggio,* 679 F.2d 381, 395 (5th Cir.1982) (en banc). On June 27, 1983, the Supreme Court denied certiorari, —— U.S. ——, 103 S.Ct. 3553, 77 L.Ed.2d 1399 (1983). But that was not the end of it. A stay of the effect of the denial of certiorari was granted by Justice Brennan on July 14, 1983, pending determination of Williams' petition for rehearing, which specifically requested that Court to delay its decision on the petition until it decided *Harris v. Pulley.* In the face of this and the described other developments, the Supreme Court on September 8, 1983 denied the petition for rehearing.

We must issue a certificate of probable cause and a stay pending full review unless we find that reasonable jurists could not disagree on the claims raised by the Petitioner. See *Barefoot v. Estelle,* —— U.S. ——, ——, n. 4, 103 S.Ct. 3383, n. 4, 77 L.Ed.2d 1090, 1104 n. 4 (1983).

We are not persuaded that Williams has been denied any constitutional right to a proportionality review of his sentence. We have explicitly so held, and as noted, the Supreme Court has not chosen to review that ruling, despite Williams' request that it do so. Nevertheless, other recent actions of the Court suggest the possibility that a complete review of the law on this matter may be anticipated. With a person's life at stake, we must await that review or further directions from the Supreme Court. For that reason, the requests for certificate of probable cause and stay of execution pending review are granted.

As to all claims we have carefully considered each of them, and we expressly find that each is without merit. We AFFIRM the District Court's judgment as to each.

A Certificate of Probable Cause and Stay of Execution are hereby GRANTED, and the judgment of the District Court is AFFIRMED.