**Earl CLANTON, Jr.,
Petitioner–Appellee,**

v.

**Raymond MUNCY, Warden; Edward Murray, Director, Department of Corrections; Attorney General of the State of Virginia, Respondents–Appellants.**

**No. 88–4002.**

United States Court of Appeals,
Fourth Circuit.

Argued April 14, 1988.
Decided April 14, 1988.

Robert S. Smith (Clyde Allison, Maxine S. Pfeffer, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, William B. Moffitt, Lisa Bondareff Kemler, William B. Moffitt & Associates, Alexandria, Va., for petitioner-appellee.

Thomas Drummond Bagwell, Asst. Atty. Gen., Jerry Paul Slonaker, Sr. Asst. Atty. Gen., Richmond, Va., for respondents-appellants.

Before WIDENER, HALL, and WILKINSON, Circuit Judges.

PER CURIAM:

Before the Court is the Commonwealth of Virginia's motion to vacate a stay of execution entered by the United States District Court for the Eastern District of Virginia. The stay was entered on the basis of a petition for writ of habeas corpus filed by Earl Clanton, Jr., who challenges a death sentence scheduled to be carried out in his case. Having reviewed the record in this expedited appeal and heard oral argument, we now grant the Commonwealth's motion and vacate the stay.

I.

In the seven years that have elapsed since a jury convicted Earl Clanton, Jr. of the capital murder of Wilhelmina Smith, his sentence for that crime has been reviewed by both state and federal courts on no less

than ten occasions. Those courts have addressed numerous questions in a sober and measured fashion, and determined that Clanton's trial and sentencing satisfied constitutional requirements. The Supreme Court of Virginia affirmed Clanton's conviction on direct review. *Clanton v. Commonwealth*, 223 Va. 41, 286 S.E.2d 172 (1982). Clanton then sought a state writ of habeas corpus, the denial of which was affirmed by the Supreme Court of Virginia. Clanton then filed a federal petition for habeas corpus, which included the same factual elements on which the stay now before us is largely based. This court reversed the district court's grant of the writ. *Clanton v. Bair*, 826 F.2d 1354 (4th Cir. 1987). The United States Supreme Court denied certiorari. —— U.S. ——, 108 S.Ct. 762, 98 L.Ed.2d 779 (1988).

Clanton began the latest series of collateral proceedings in state court on April 4, 1988, ten days before his sentence was scheduled to be carried out. The Virginia Circuit Court for the City of Petersburg denied his state habeas corpus petition, holding, inter alia, that Clanton's claims were procedurally defaulted. The Supreme Court of Virginia affirmed. Clanton then filed a federal habeas corpus petition in the Eastern District, seeking a stay of execution pending the district court's review of the petition. The district court granted the stay.

The situation we face here is similar to that in *Alabama v. Evans*, 461 U.S. 230, 103 S.Ct. 1736, 75 L.Ed.2d 806 (1983), where the Supreme Court vacated a stay that had been entered by a district court for the purpose of considering a last-minute habeas petition from a condemned inmate. What the Court said there is applicable here: "respondent's 'constitutional challenges ... have been reviewed exhaustively and repetitively by several courts in both the state and federal systems.'" *Id* at 231, 103 S.Ct. at 1738. Review of the Supreme Court's many opinions dealing with eleventh hour stay motions reveals a clear message: constitutional litigation is not to be conducted piecemeal, claims should be raised earlier rather than later, and considered resolution by state courts is far preferable to a last minute dash to federal habeas corpus. The claims presented in the habeas corpus petition underlying the stay before us violates each of these directives.

The stay granted by the district court is grounded upon a successive petition for habeas corpus. Such a petition may be the basis for a stay of execution only in the "presence of substantial grounds upon which relief might be granted." *Barefoot v. Estelle*, 463 U.S. 880, 895, 103 S.Ct. 3383, 3396, 77 L.Ed.2d 1090 (1983). Our review of this case makes plain that no such substantial grounds are presented by Clanton's petition for habeas corpus, and that the stay entered on the basis of the petition must be vacated.

## II.

The district court's grant of the stay focused on Clanton's claim that he was incompetent at the sentencing phase of his trial. Clanton contends on the basis of affidavits from several health care professionals that a psychological disability prevented him from advising his counsel of facts concerning his abused childhood. This disability is alleged to have rendered Clanton incompetent to assist his trial counsel in preparation for his sentencing proceeding. Although Clanton's previous habeas petition was based on the lack of child abuse evidence in the sentencing phase of his trial, *see Clanton v. Bair*, 826 F.2d 1354 (4th Cir.1987), he now asserts that the incompetency claim was unavailable at the time of the previous proceedings, repeating that a "psychological disability ... rendered him unable to reveal it."

■ This eleventh hour attempt to repackage issues presented by Clanton at the time of his initial federal petition constitutes an abuse of the writ. 28 U.S.C. § 2244(b). It is undisputed that Clanton revealed facts about his abused childhood to counsel prior to the hearing on the previous federal petition, and that counsel knew that those revelations were inconsistent with his earlier statements. At this point,

Clanton's counsel had the opportunity to determine what legal grounds for relief might be available on the basis of those facts. There is no apparent reason why the possibility that there might be a psychological condition underlying this inconsistency was not pursued and presented at that time. Indeed, counsel's failure to retain a psychiatrist to explore Clanton's childhood even earlier in the proceedings was the basis of his first federal petition. *See Clanton v. Bair*, 638 F.Supp. 1090, 1094 (E.D.Va.1986).*

This case presents the situation addressed by the Supreme Court in *Woodard v. Hutchins*, 464 U.S. 377, 104 S.Ct. 752, 78 L.Ed.2d 541 (1984): "a last minute application for a stay of execution and a new petition for habeas corpus relief have been filed with no explanation as to why the claims were not raised earlier or why they were not all raised in one petition. It is another example of abuse of the writ." *Id.* at 377–78, 104 S.Ct. at 752 (Powell, J., concurring). The great similarity of the factual basis underlying both the first petition and this successive one underscores our conclusion that the petition underlying this stay is an example of the type of claim that § 2244(b) was intended to eliminate. Clanton "may not be permitted to raise and re-raise the non-presentation of evidence of his deprived background merely by developing 'different arguments and conclusions.'" *In re Shriner*, 735 F.2d 1236, 1240 (11th Cir.1984).

■ In addition to the infirmity of Clanton's incompetency claim under § 2244(b), it is also barred by reason of the procedural default found by the state habeas court. The state court found that the incompetency claim was defaulted because Clanton knew of the facts underlying the claim at the time of his prior state petition. *See* Va.Code Ann. § 8.01–654 B 2 (1984). This is a factual finding with regard to prior knowledge, and it was entitled to a pre-

sumption of correctness from the federal district court. 28 U.S.C. § 2254(d). State courts as well as federal are equally charged with protecting constitutional rights, and the "interest in federalism recognized by Congress in enacting § 2254(d) requires deference by federal courts to factual determinations of all state courts." *Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981).

The district court did not make the statement of reasons required where a district court declines to follow state factual findings, *see id.* at 551, 101 S.Ct. at 77, and indeed we can find no basis in this record on which it could have done so. The district court in the initial federal petition found that the clues of Clanton's failure to reveal his abused childhood were so strong even at the time of the trial that failure to retain a psychiatrist to pursue them amounted to ineffective assistance. *See* 638 F.Supp. at 1096. In light of this fact, the state habeas court's factual finding simply cannot be disregarded under the deferential "not fairly supported by the record" standard of § 2254(d).

■ The nature of the procedural default found by the state court removes the possibility that Clanton could establish the "cause" required to raise a defaulted claim. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Cause may be established for a procedural default where an objective impediment made compliance with a procedural rule impossible, as where the factual basis for a claim was not reasonably available to counsel. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986). The state factual finding here, however, was that the factual basis for Clanton's claim *was* earlier available. However the reason for the failure to bring the claim might be characterized, whether as deliberate withholding or as inadvertence, *Carrier* makes clear that the

---

* Clanton's suggestion that he was under no obligation to present the incompetency claim in his first federal petition because it had not yet been exhausted is without merit. A petitioner is not entitled to avoid diligent pursuit of available claims in the expectation that they may be

brought through a new round of state and federal petitions, avoiding dismissal of the successive federal petition by stating that the claim was initially unavailable because unexhausted. *Cf. Woodard v. Hutchins*, 464 U.S. 377, 378–79, 104 S.Ct. 752, 752–53, 78 L.Ed.2d 541 (1984).

reason will not constitute cause. *See id.* 106 S.Ct. at 2645–46.

### III.

We next address the four other claims included in the petition on which the stay depends. None of them reveals the "substantial grounds on which relief might be granted" that could have made entry of the stay a proper exercise of the district court's discretion.

### A.

█ The first of these claims is a contention that Clanton's sentence must be set aside because the jury was not properly instructed on the effect of mitigating evidence. It is uncontested that Clanton did not present this claim at trial, on appeal, or in his first state habeas corpus proceeding. For this reason, the state courts have held that this claim is procedurally defaulted. It therefore cannot be the basis for a grant of federal habeas corpus unless Clanton establishes "cause" for the default. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Clanton argues, however, that there was cause for the defaults in that the claim was "so novel that its legal basis [was] not reasonably available to counsel" at the time of the earlier proceedings. *Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984). Clanton contends that the legal basis for the claim became reasonably available only upon the recent grant of certiorari in *Franklin v. Lynaugh,* —— U.S. ——, 108 S.Ct. 221, 98 L.Ed.2d 180 (1987).

Clanton cannot, however, show that the *Franklin* claim was not "available at all" as is required to establish cause. *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). Clanton may not establish cause by showing that recent developments have "made counsel's task easier." *Id.* A legal argument need not have succeeded elsewhere before it will be found reasonably available. Rather, cause will not be found where the "basis of a constitutional claim is available, and other defense counsel have *perceived* and *litigated* that claim." *Engle v. Isaac,* 456 U.S. 107,

133–34, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982) (emphasis added).

The basis of Clanton's claim was available at the time of all of the prior proceedings in this case. The Fifth Circuit addressed such a claim in a 1978 published opinion. Although the court held that the petitioner there was required to present his claim to a state court in the first instance, the court stated on the basis of Supreme Court precedent that a claim of insufficient instruction of the jury on mitigating factors implicated a "substantial denial of a federal constitutional right." *Chenault v. Stynchcombe,* 581 F.2d 444, 447 (1978). Such a claim was also explicitly raised before the Supreme Court of Virginia in 1983. *LeVasseur v. Commonwealth,* 225 Va. 564, 304 S.E.2d 644, 661 (1983). In light of these precedents, Clanton cannot show cause for his procedural default.

Aside from the obvious procedural default, we consider it important to emphasize that Clanton's depiction of his case as one turning upon an eagerly awaited Supreme Court decision is baseless. *Franklin* presents a question concerning jury instructions as to the effect that mitigating evidence has under the Texas capital punishment statute. *See* 56 U.S.L.W. 3331 (1987). The Texas and Virginia sentencing statutes are not equivalent. Under Texas law, if the jury finds three statutory factors to be present, then the court "shall sentence the defendant to death." Tex. Crim.Pro.Code Ann. § 37.071(e). The significance of instructions on mitigating evidence under such a scheme has no relevance to Virginia's statute, under which jurors are always free to impose a life sentence, despite a finding of aggravating factors. *See Smith v. Commonwealth,* 219 Va. 455, 248 S.E.2d 135, 145 (1978). Indeed, the jury instructions in this case plainly so stated.

### B.

Clanton's next claim presents a similar situation. He contends that the Virginia statutory aggravating circumstances that were found to be present in his case, "vile-

ness" and "future dangerousness," are unconstitutionally vague, speculative, and arbitrary, and fail adequately to objectify the sentencing decision. Clanton asserts that this claim, which also was procedurally defaulted in state court, was not available at the time of the prior proceeding, but has now become so due to the grant of certiorari in *Maynard v. Cartwright*, — U.S. ——, 108 S.Ct. 693, 98 L.Ed.2d 645 (1988).

The novelty required to establish cause under *Smith v. Murray* is again lacking. In upholding the petitioner's claim in the *Cartwright* case itself, the Tenth Circuit relied heavily on *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), which would have been available in the prior proceedings here. A similar claim was made and rejected by the Supreme Court of Virginia in *Smith v. Commonwealth*, 219 Va. 455, 248 S.E.2d 135, 148–49 (1978). In light of these precedents, it could not be said that "the legal basis of the claim petitioner now presses on federal habeas was unavailable." *Smith v. Murray*, 106 S.Ct. at 2668.

■ What is more, this claim too is an attempt to overstate the relevance of a grant of certiorari. This question presented in *Cartwright* is whether Oklahoma's "especially heinous, atrocious, or cruel" aggravating factor has been interpreted by the Oklahoma Court of Criminal Appeals in an unconstitutionality broad manner. *See* 56 U.S.L.W. 3327 (1987) (describing petition); 56 U.S.L.W. 3459 (1988) (limiting grant of certiorari to single issue). Clanton at most could contend that the *Cartwright* decision might have some bearing on Virginia's "vileness" aggravating circumstance. Clanton's sentence, however, also rested on the "future dangerousness" circumstance. Even if the "vileness" circumstance were found to be invalid, the "future dangerousness" circumstance independently supports Clanton's sentence. *See Zant v. Stephens*, 462 U.S. 862, 884, 103 S.Ct. 2733, 2746, 77 L.Ed.2d 235 (1983). The contention that the invalidity of one aggravating factor automatically requires a death sentence to be vacated was presented in the *Cartwright* petition for

certiorari, but certiorari was not granted as to that part of the petition. *See* 56 U.S. L.W. at 3459. This claim therefore is the subject of a clear procedural forfeiture and has no substantive merit.

### C.

The state habeas court refused in the second state collateral proceeding to hear evidence that Clanton sought to introduce concerning his abused childhood. Clanton's petition asserts that the state habeas court's refusal to hear this evidence constituted a violation of Clanton's federal constitutional rights.

■ This contention is groundless. The state court refused to hear the evidence of child abuse on the ground that it was procedurally defaulted and that it failed to satisfy Virginia's criteria for newly discovered evidence, *Lewis v. Commonwealth*, 166 S.E.2d 271 (Va.1970). Virginia is not bound by the Constitution to provide collateral review, *Pennsylvania v. Finley*, — U.S. ——, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987), much less to provide review of a particular scope. Clanton's argument concerning the refusal to hear new evidence does not state a constitutional claim.

### D.

Clanton's final claim is a reassertion of the claims previously made in the initial federal petition. These claims cannot form the basis of a meritorious successive petition. 28 U.S.C. § 2244(b).

### IV.

Our review of the claims presented in Clanton's petition leaves no doubt that a stay of execution could not properly be entered on the basis of the petition. All aspects of Clanton's case have been conscientiously reviewed by numerous courts over the past seven years. We are convinced that this latest petition is an illustration of the "danger that a condemned inmate might attempt to use repeated petitions and appeals as a mere delaying tactic." *Barefoot v. Estelle*, 463 U.S. 880, 895, 103 S.Ct. 3383, 3395, 77 L.Ed.2d 1090

(1983). "For our system of justice to function effectively, litigation in cases such as this one must cease when there is no reasonable ground for questioning either the guilt of the defendant or the constitutional sufficiency of the procedures employed to convict and sentence him." *Wainwright v. Booker*, 473 U.S. 935, 937, 106 S.Ct. 30, 3344, 87 L.Ed.2d 706 (1985) (Powell, J., concurring).

The stay of execution is hereby vacated. The mandate will issue on the filing of this opinion.

SO ORDERED.