**Alton WAYE, Petitioner–Appellant,**

v.

**Sherman L. TOWNLEY, Warden, Respondent–Appellee.**

**Alton WAYE, Petitioner–Appellee,**

v.

**Sherman L. TOWNLEY, Warden, Respondent–Appellant.**

**Nos. 88–4004, 88–4005.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 10, 1989.

Decided March 28, 1989.

Rehearing and Rehearing In Banc Denied April 11, 1989.

J. Lloyd Snook, III, Charlottesville, for petitioner-appellant.

Linwood Theodore Wells, Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., Richmond, Va., on brief) for respondent-appellee.

Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.

WILKINS, Circuit Judge:

Alton Waye appeals the district court affirmance of the dismissal of his petition for a writ of habeas corpus under 28 U.S.C.A. § 2254 (West 1977). We affirm.

## I.

In 1978 Waye was convicted of capital murder in Virginia. At trial, the evidence showed that Waye drove to the residence of a 61–year–old widow and requested permission to use her telephone. After gaining entry into her home, Waye forced the victim upstairs where he raped and beat her. He then retrieved a knife from the kitchen downstairs and returned upstairs where he stabbed her 42 times, killing her. After placing her body in a bathtub and pouring Clorox over her, Waye ransacked the house, took the telephone off the hook and switched on the television. Upon returning to his own residence, Waye informed his father that he had killed the victim. He then telephoned the authorities and led them to the victim's house. The police found the victim beaten beyond recognition, with bite marks on her body. Also discovered at the scene was the murder weapon which had been wiped clean. Waye provided the authorities with both oral and written statements detailing his involvement in the homicide.

At the conclusion of the presentation of the evidence at trial, the jury was instructed as follows:

> The court instructs the jury that a man is presumed to intend that which he does, or which is the immediate or necessary consequences [sic] of his act.

Defense counsel did not object to this instruction at trial, and the issue was not raised on Waye's direct appeal to the Virginia Supreme Court. When Waye raised the issue for the first time in his state petition for a writ of habeas corpus, the state court specifically held that Waye was not entitled to be heard on the issue because he failed to make a contemporaneous objection at trial or to raise the issue on direct appeal. *See Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308

(1989). After exhausting his state post-conviction remedies, Waye filed this petition in federal court arguing that the instruction violated the rule enunciated in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). In *Sandstrom,* which was decided after Waye's jury trial, the Supreme Court held that a burden-shifting instruction such as the one given at Waye's trial violated the due process clause.[1] U.S. Const. amend. XIV, § 1.

## II.

■ Virginia procedure requires that a contemporaneous objection be lodged by a defendant at trial in order to preserve an issue for review by the state supreme court, absent a showing of good cause. Va.Sup.Ct. R. 5:25 (1950 & Repl.Vol.1988). Also, the Virginia Supreme Court will decline to address alleged errors unless they are clearly indicated on appeal. *See* Va. Sup.Ct. R. 5:27(c) (1950 & Repl.Vol.1988); *Law v. Commonwealth,* 171 Va. 449, 199 S.E. 516 (1938). Here, Waye failed to object to the unconstitutional instruction at trial and also failed to raise the issue on direct appeal to the Virginia Supreme Court.[2]

The United States Supreme Court in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), held that the failure to timely object at trial to an alleged error as required by a state contemporaneous objection rule forecloses federal habeas corpus review of the alleged error "absent a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Id.* at 84, 97 S.Ct. at 2505. This rule of procedural default extends from the Supreme Court's well-settled recognition "that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a

---

**1.** The State concedes that the instruction violates *Sandstrom.*

**2.** The contemporaneous objection rule in effect at the time of Waye's trial provided in pertinent part:

> Error will not be sustained to any ruling below unless the objection was stated with reasonable certainty at the time of the ruling,

except for good cause shown or to enable this Court to attain the ends of justice. Only errors assigned in the petition for appeal will be noticed by this Court and no error not so assigned will be admitted as a ground for reversal of a decision below.

Va.Sup.Ct. R. 5:21 (1950 & Repl.Vol.1977).

federal court to forgo the exercise of its habeas corpus power." *Francis v. Henderson*, 425 U.S. 536, 539, 96 S.Ct. 1708, 1710, 48 L.Ed.2d 149 (1976).

Waye contends that the cause for his failure to raise the issue at trial and on direct appeal was the ineffectiveness of his trial counsel. In order to show that the ineffectiveness of his counsel constituted cause for the procedural default under *Wainwright v. Sykes*, Waye must meet the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). First, Waye must demonstrate that counsel's performance was so deficient that he was not functioning as "counsel" as guaranteed by the sixth amendment of the Constitution. Second, he must prove that the deficient performance "deprive[d] [him] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

For a court to reach Waye's *Sandstrom* issue on the merits, he must show, in addition to satisfying the cause for his procedural default, that actual prejudice resulted from his attorney's failure to raise the constitutional violation. Finally, even if Waye could overcome the procedural default by demonstrating cause and prejudice under *Wainwright v. Sykes*, the *Sandstrom* violation would still be subject to harmless error analysis pursuant to the Supreme Court directive in *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

### III.

The parties consented to have this case heard initially by a magistrate, with appeal to the district court and the right to petition this court for review. 28 U.S.C.A. § 636(c) (West Supp.1988). On original consideration of cross motions for summary judgment, the magistrate granted the writ, finding that Waye's counsel was inadvertent or ignorant in failing to object to the burden-shifting jury instruction. *See Carrier v. Hutto*, 724 F.2d 396 (4th Cir. 1983), *adopted*, 754 F.2d 520 (4th Cir.1985)

(*en banc*). The magistrate concluded that despite the failure to object, the *Sandstrom* error was reviewable since Waye had demonstrated cause and prejudice for the procedural default under the test of *Wainwright v. Sykes*. The magistrate further held that the error was prejudicial to Waye and ordered that he be retried. On appeal to the district court, the issuance of the writ was reversed and remanded in light of the intervening United States Supreme Court decision in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), *rev'ing sub nom. Carrier v. Hutto*, 754 F.2d 520 (4th Cir.1985). There, the Court held that attorney ignorance or inadvertence, relied on by the magistrate here, was an insufficient ground for the showing of cause under the procedural default test articulated in *Wainwright v. Sykes*. Instead, the Court ruled that a petitioner attempting to demonstrate cause under the *Wainwright v. Sykes* test must show that he was provided ineffective assistance of counsel under the standards set forth in *Strickland*.

On remand, the magistrate held that although counsel was deficient in failing to object to the improper instruction, Waye was not entitled to issuance of a writ since the deficiency was not prejudicial under *Strickland*. Alternatively, the magistrate concluded that, assuming both prongs of the *Strickland* test could be met, Waye failed to show actual prejudice as required by *Wainwright v. Sykes*. Finally, the magistrate held that even if the procedural default could be cured, the *Sandstrom* error was harmless beyond a reasonable doubt under *Rose v. Clark*. The district court affirmed the magistrate's conclusion that Waye was not prejudiced by the alleged deficiency on the part of his counsel. This court subsequently granted Waye's petition for leave to appeal.

### IV.

Assuming for purposes of this appeal that Waye satisfies the first prong of the *Strickland* test that counsel was deficient

for failing to object to the instruction,[3] Waye nonetheless fails to show cause under *Wainwright v. Sykes* since he does not meet the second prong of the *Strickland* analysis. In light of the overwhelming evidence introduced at trial concerning Waye's intent, he cannot show that "there is a reasonable probability that, but for counsel's unprofessional [error], the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Both the magistrate and the district judge thoroughly reviewed all of the evidence on the issue of intent. Included in this examination was the brutality of the murder, the fact that Waye left the upstairs area of the victim's home where he had beaten her, returned with a knife, and stabbed her 42 times. The magistrate and district judge also noted that Waye attempted to conceal his presence and guilt by taking the telephone off the hook, switching on the television, and wiping the knife clean. Although Waye challenges the conclusion that several of these factors demonstrate intent, the Virginia Supreme Court has articulated the factors which may establish intent to kill, stating:

> The intention to kill need not exist for any specified length of time prior to the actual killing. 'A design to kill may be formed only a moment before the fatal act is committed provided the accused had time to think and did intend to kill.' In deciding the question, the jury properly may consider the brutality of the attack, whether more than one blow was struck, the disparity in size and strength between the accused and the victim, the

concealment of the victim's body, and the defendant's efforts to avoid detection. *Clozza v. Commonwealth,* 228 Va. 124, 134, 321 S.E.2d 273, 279 (1984) (citations omitted). The evidence is overwhelming that Waye possessed the requisite intent to kill as defined by Virginia law and we affirm the conclusion that Waye received effective assistance of counsel since he was not prejudiced by the alleged deficiency of his attorney. Since Waye fails to demonstrate ineffective assistance of counsel, he has not shown cause pursuant to *Wainwright v. Sykes* and the procedural bar forecloses review of the *Sandstrom* violation.

## V.

Even assuming that Waye could show prejudice under *Strickland,* he could not demonstrate prejudice pursuant to *Wainwright v. Sykes* in order to lift the procedural bar. Under a *Wainwright v. Sykes* analysis, in order to overcome a waiver a petitioner must show actual prejudice in addition to showing cause. Again, the overwhelming evidence of guilt presented by the prosecution negated any reasonable possibility of actual prejudice.[4] Moreover, even if Waye could demonstrate cause and prejudice under *Wainwright v. Sykes,* it is clear that the presumption instruction charged here was harmless beyond a reasonable doubt under *Rose v. Clark.*

AFFIRMED.

---

**3.** The State filed a cross appeal challenging the magistrate's conclusion that counsel's performance was deficient by his failure to object to the instruction. This contention is based on the fact that *Sandstrom* was not decided until one year after Waye was tried. We agree with the district court that it is unnecessary to address this issue since we conclude that Waye suffered no prejudice.

**4.** In *Murray v. Carrier,* the Supreme Court provided one additional method by which a petitioner technically barred by procedural default may have his claim decided on the merits. The Court stated that "in an extraordinary case,

where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." 477 U.S. at 496, 106 S.Ct. at 2650.

Waye does not contend that he fits within the category of actually innocent petitioners, nor would such an assertion be valid. In light of the overwhelming evidence of intent to kill and in consideration of Waye's valid confession to the murder, it is clear that Waye is not entitled to relief under the exception outlined by the Court in *Murray v. Carrier.*