**Alton WAYE, Petitioner–Appellant,**

**v.**

**Sherman L. TOWNLEY, Warden, Respondent–Appellee.**

**No. 89–4007.**

United States Court of Appeals, Fourth Circuit.

Argued Aug. 30, 1989.

Decided Aug. 30, 1989.

Gerald Thomas Zerkin, Karen Lynn Ely–Pierce, Gerald T. Zerkin & Associates, Richmond, Va., Richard Hudson Burr, III, NAACP Legal and Educational Defense Fund, for petitioner-appellant.

Mary Sue Terry, Atty. Gen. of Virginia, Linwood Theodore Wells, Jr., Asst. Atty. Gen., Richmond, Va., for respondent-appellee.

Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.

PER CURIAM:

Alton Waye, a Virginia death row inmate, moves for a stay of execution pending his appeal of the denial by the district court of his motion under Federal Rule of Civil Procedure 60(b) for relief from the judgment previously entered in this case denying his petition for a writ of habeas corpus. Waye was granted a certificate of probable cause to appeal. Due to the exigent nature of this matter, we began immediate consideration of Waye's contentions upon receipt of the papers simultaneously filed with this court and with the district court beginning on July 18, 1989. We have carefully considered the issues presented and deny the motion for a stay of execution and affirm the denial of Waye's Rule 60(b) motion.

I.

The overwhelming evidence at trial indicated that on October 14, 1977, Waye drove to the residence of a 61–year–old widow in Lunenburg County, Virginia and requested permission to use her telephone. After gaining entry to the home, Waye forced the victim upstairs where he raped and beat her. He then retrieved a knife from the kitchen downstairs and returned upstairs where he stabbed her 42 times, killing her. After placing her body in a bathtub and pouring Clorox over her, Waye ransacked the house, took the telephone off the hook, switched on the television, and wiped the knife clean. Waye turned himself in to the authorities and led them to the victim's house. The police found the victim beaten beyond recognition with bite marks on her body. Waye provided the authorities with both written and oral statements detailing his involvement in the homicide. Waye

was convicted in 1978 of capital murder. In a separate sentencing hearing the jury sentenced him to death.

During the almost 11 years that have elapsed since Waye's conviction, both state and federal courts have repeatedly reviewed the conviction and sentence of death. The Virginia Supreme Court affirmed Waye's conviction and sentence of death on January 12, 1979 and the United States Supreme Court subsequently denied his petition for a writ of certiorari. *Waye v. Commonwealth,* 219 Va. 683, 251 S.E.2d 202, *cert. denied,* 442 U.S. 924, 99 S.Ct. 2850, 61 L.Ed.2d 292 (1979).

Waye then filed a petition for a writ of habeas corpus in state court contending that the trial judge's instruction regarding intent was a burden-shifting instruction that violated the rule enunciated, after Waye's conviction, in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Waye's trial counsel did not object to the instruction at trial and the issue was not raised on Waye's direct appeal to the Virginia Supreme Court. The state court specifically held that Waye was not entitled to be heard on the issue because he failed to make a contemporaneous objection at trial or to raise the issue on direct appeal. The Virginia Supreme Court affirmed the denial of the writ of habeas corpus on April 27, 1984. The United States Supreme Court again denied Waye's petition for a writ of certiorari. *Waye v. Morris,* 469 U.S. 908, 105 S.Ct. 282, 83 L.Ed.2d 218 (1984).

Subsequently, Waye filed a petition for a writ of habeas corpus in federal court. *See Waye v. Townley,* 871 F.2d 18 (4th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 3202, 105 L.Ed.2d 710 (1989) (discussing history of Waye's original federal petition for a writ of habeas corpus). There, we held that, assuming Waye satisfied the first prong of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by showing that counsel was deficient for failing to object to the instruction, Waye could not overcome the procedural bar because he failed to show cause for his noncompliance under *Wainwright v. Sykes,*

433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). We further held that assuming Waye could show cause and actual prejudice under *Wainwright v. Sykes,* it is clear that the presumption instruction was harmless beyond a reasonable doubt under *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). The Supreme Court denied certiorari for a third time. *Waye v. Townley,* — U.S. —, 109 S.Ct. 3202, 105 L.Ed.2d 710 (1989).

Waye began this collateral attack on July 18, 1989 by filing a *pro se* petition for a writ of habeas corpus. On August 25, 1989, Waye filed a habeas petition with the Virginia Supreme Court. He then filed a motion under Rule 60(b) and a motion for a stay of execution in the district court. The Virginia Supreme Court dismissed the state habeas petition on August 28, 1989 for reasons of procedural default. That same day, two days before his scheduled execution, Waye filed in the district court an amended habeas petition. The district court then denied Waye's motion under Rule 60(b) and his motion for a stay of execution, but granted Waye a certificate of probable cause to appeal. Because of the exigency of the circumstances we consider both the motion for a stay of execution and the merits of the appeal from the denial of the Rule 60(b) motion.

## II.

As the Supreme Court stated in vacating a stay entered by a district court for the purpose of considering a last-minute habeas petition in *Alabama v. Evans,* 461 U.S. 230, 103 S.Ct. 1736, 75 L.Ed.2d 806 (1983), "respondent's 'constitutional challenges ... have been reviewed exhaustively and repetitively by several courts in both the state and federal systems.'" *Id.* at 231, 103 S.Ct. at 1738. As this court has recognized, "constitutional litigation is not to be conducted piecemeal, claims should be raised earlier rather than later, and considered resolution by state courts is far preferable to a last minute dash to federal habeas corpus." *Clanton v. Muncy,* 845 F.2d 1238, 1240 (4th Cir.1988). Nevertheless, we have reviewed each of the claims raised by Waye in his Rule 60(b) motion.

## III.

Waye originally sought federal habeas corpus review based on a burden shifting instruction that violated *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). *Waye v. Townley*, 871 F.2d 18 (4th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 3202, 105 L.Ed.2d 710 (1989). The district court denied the petition and we affirmed. *Id.* Waye now contends that the prior determination made by the district court and affirmed by this court that the claim was procedurally barred because of counsel's failure to lodge a contemporaneous objection is erroneous in light of *Harris v. Reed*, — U.S. —, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). *See Waye*, 871 F.2d at 19. Waye contends further that the harmless error analysis as applied by the district court and affirmed by this court has been undermined by the Supreme Court decision in *Carella v. United States*, — U.S. —, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989).

The district court ruled that Waye had timely filed his Rule 60(b) motion and that there was no unfair prejudice to the Commonwealth of Virginia. However, the district court found that Waye did not meet the Rule 60(b) requirements of a showing of a meritorious defense. *See Werner v. Carbo*, 731 F.2d 204 (4th Cir.1984); *Compton v. Alton Steamship Co.*, 608 F.2d 96 (4th Cir.1979). Finally, the district court concluded that alternative grounds exist for denying the motion. First, Waye was barred from federal habeas corpus relief under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), because he did not raise the issue in state court, and he failed to demonstrate prejudice in order to lift the bar. Second, even if not foreclosed, the harmless error standard of *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), was applicable. Finally, the district court concluded that the majority in *Carella* reinforced the *Rose v. Clark* standard, and the facts here may even pass the test proposed by Justice Scalia's concurrence in *Carella*. *See Carella*, — U.S. at — – —, 109 S.Ct. at 2421–24 (Scalia, J., concurring).

We conclude as did the district court that Waye is foreclosed from review because of Virginia's contemporaneous objection rule. We previously held that the Virginia state court specifically held that Waye was not entitled to be heard on the issue because of his failure to lodge a contemporaneous objection at trial. *See Waye*, 871 F.2d at 19. We further held that Waye could not overcome the procedural default because he failed to show cause and actual prejudice under *Wainwright v. Sykes*. Finally, we held that even if Waye could overcome the procedural default, the *Sandstrom* violation was subject to the harmless error analysis of *Rose v. Clark*, and the presumption instruction was harmless error beyond a reasonable doubt.

Waye's contention that *Carella* undermined the harmless error analysis of *Rose v. Clark* is equally without merit. The majority in *Carella* reinforced the *Rose v. Clark* analysis. *Carella*, — U.S. at —, 109 S.Ct. at 2421. As the district court noted, we applied *Rose v. Clark* by examining the whole record and concluded that the jury could have reached no conclusion other than that Waye possessed the intent required for conviction of capital murder. As the Court noted in *Carella* "the erroneous instruction is simply superfluous: the jury has found, in *Winship*'s words, 'every fact necessary' to establish every element of the offense beyond a reasonable doubt." *Carella*, — U.S. at —, 109 S.Ct. at 2421 (quoting *Rose v. Clark*, 478 U.S. 570, 581, 106 S.Ct. 3101, 3107, 92 L.Ed.2d 460 (1986)).

Having concluded that the contentions raised by Waye's Rule 60(b) motion are without merit, we affirm the ruling of the district court denying Waye's motion. Therefore, we also deny Waye's motion for a stay of execution.

While the district court did not enter its formal written order, we treat its oral opinion delivered in open court as such. See *Cedar Coal Co. v. UMWA*, 560 F.2d 1153, 1161 (4th Cir.1977).

Our mandate will issue forthwith.