MAY 22, 1987

No. 86–6925 (A–844). TUCKER *v.* KEMP, WARDEN. C. A. 11th Cir. Application for stay of execution of sentence of death,

---

presented to JUSTICE POWELL, and by him referred to the Court, denied. Certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant the application for stay of execution and the petition for certiorari, and would vacate the death sentence in this case.

Even if I did not take this view, however, I would still grant the application for a stay. Tucker's petition for certiorari raises the question whether inflammatory and prejudicial photographs of the victim's body introduced at trial violated his constitutional right to "fundamental fairness and a reliable sentencing determination." Pet. for Cert. i. This question is sufficiently similar to a question that will be decided by the Court in *Thompson* v. *Oklahoma*, certiorari granted, 479 U. S. 1084 (1987),[1] that the petition should be held by the Court pending our disposition of the question in *Thompson*.[2]

---

[1] Among the questions presented in *Thompson* is:

"May admission of inflammatory evidence [*i. e.*, two photos of murder victim] in capital case against 16 year old defendant be deemed harmless error merely because of strong evidence of guilt, when such evidence also prejudices defendant's right to fair, full jury consideration of all mitigating circumstances—including age—during death penalty deliberations?" Pet. for Cert. in No. 86–6169, p. 2.

[2] It is true that in *Thompson* the court below found that admission of the photographs at issue was error, but harmless, while here the court found no error in the admission of the photographs. 724 P. 2d 780 (Okla. Crim. App. 1986). This difference is not significant. In *Thompson*, in order to overturn the state court's determination of harmless error, we would have to find both that the admission of the photographs at issue violated the defendant's due process rights under the Federal Constitution, and that the error was not harmless. In order to overturn the state court's determination that no error occurred in *Tucker*, we would have to find only the first of these, namely that the admission of the photographs at issue violated these same federal constitutional rights. Plainly, any standard we might develop in deciding whether sufficient prejudice existed to render an error harmful would be applicable in a decision whether sufficient possibility of prejudice existed to render admission of evidence error. The possibility that the analysis in *Thompson* will shed light on *Tucker* is therefore sufficient to justify a hold.

I find particularly disturbing the Court of Appeals' treatment of this question. In deciding that the grant of certiorari in *Thompson* did not "sufficiently suggest that 'new law' relevant to the present case [was] near at hand," the court stated:

> "The petition for certiorari . . . raised two issues of which only one may be marginally relevant to the present case. This court has no way of knowing which issue prompted the Court to grant *certiorari*. Thus the ends of justice would not be served by revisiting the issue." 818 F. 2d 749, 751 (CA11 1987).

Plainly, any doubt that the Court of Appeals had about which issue prompted the Court to grant certiorari should have been resolved in favor of the defendant facing the death penalty. Moreover, given that this Court may restrict its grant of certiorari to those questions it wishes to hear, it seems to me most inappropriate for the court to have engaged in speculation about the *possible* insignificance of our grant on one of the questions in Tucker's petition.

The relationship between the questions presented by Tucker and Thompson justifies delaying consideration of the former on the ground that it will be illuminated by the disposition of the latter. I dissent.