Alton WAYE, Petitioner–Appellant,

v.

Edward MURRAY, Director, Virginia
Department of Corrections,
Respondent–Appellee.

No. 89–4008.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 30, 1989.

Decided Aug. 30, 1989.

Richard Hudson Burr, III, NAACP Legal
Defense & Educational Fund, New York
City, Karen Lynn Ely–Pierce, Gerald T.
Zerkin & Associates, Richmond, Va., for
petitioner-appellant.

Linwood Theodore Wells, Jr., Robert
Quentin Harris, Asst. Attys. Gen. Office of
the Atty. Gen., of Virginia, Richmond, Va.,
for respondent-appellee.

Before WIDENER, WILKINSON, and
WILKINS, Circuit Judges.

PER CURIAM:

As is the present way with most capital
cases, at least in this circuit, this case has
been litigated line by line and letter by
letter for about 12 years. The initial conviction was appealed to the Supreme Court
of Virginia and certiorari was denied by the
U.S. Supreme Court. A state habeas corpus proceeding took the same course. A
federal habeas corpus proceeding was decided adversely to Waye by this court in
871 F.2d 18 (4th Cir.1989), and certiorari
was denied by the Supreme Court on June
19, 1989. During the course of all these
proceedings, Waye was represented by
competent and able attorneys, skilled not
only in criminal practice but in the aspects
thereof relating to capital punishment.
Even now, any claim that counsel has been
ineffective is especially denied in Waye's
papers presently before the court.

On June 5, 1989, the state trial court set
Waye's execution for August 30, 1989,
which date remains in effect. It is this
date.

On July 18, 1989, Waye filed, *pro se,* the
present petition. Upon the state court's
being advised by Waye's then present attorney, J. Lloyd Snook, III, Esq., who had
represented Waye for some 10 years, that
he intended to file no more papers for he
did not know of any stone that had been
left unturned, the district court appointed
Waye's present counsel on August 17,
1989, who filed the present amended petition for habeas corpus on August 28, 1989,
only two days prior to Waye's scheduled
execution date. In the meantime, present
counsel had filed a motion under Rule 60(b)
in the district court, the effect of which
was to seek review of our previous decision
in this case referred to above and reported
as *Waye v. Townley,* 871 F.2d 18 (4th Cir.
1989). The appeal taken in that case was
argued this morning orally in a telephone
conference call and is affirmed by separate
opinion, *Waye v. Townley,* No. 89–4007,
884 F.2d 762 (4th Cir. August 30, 1989).
Consolidated for argument with No. 89–
4007 was the present case. The district
court heard this case at about 8:00 p.m. on
August 29, 1989, and announced its decision at about 8:30 a.m. this date. We received its order some 3 hours later and
scheduled oral argument by telephone conference call immediately. We now affirm
the judgment of the district court.

The points made by the petitioner in the present petition for habeas corpus are briefly summarized below. For convenience, we follow the order listed by the district court in its opinion which was the order in the federal petition. The state petition filed the same day had the same points, but the order was changed.

    A. The Commonwealth fostered false impressions from the evidence.

    B. The psychiatrist testifying for Waye at his trial was incompetent in that he did not put enough emphasis on any diminished capacity of Waye, who, it is now claimed, has an I.Q. of about 78.

    C. There is an impermissible risk that race was a factor in Waye's sentencing.

    D. The sentencing instructions concerning mitigating evidence were erroneous.

    E. The sentencing report contains improper material.

    F. There was evidence in the case, or remarks were made, regarding the character of the victim.

    G. The Commonwealth withheld material evidence that Waye was under the influence of drugs or alcohol at the time of the offense.

These same claims were raised in a petition for habeas corpus filed in the Supreme Court of Virginia the same day the petition in this case was filed, August 28, 1989. That petition in the Virginia Supreme Court was denied by order of the Virginia Supreme Court entered August 28, 1989 for the reason that "all of the claims" were "procedurally barred." The Virginia court also found under Virginia Code § 8.01–654(B)(2) that the petitioner had knowledge of the facts on which his present petition was based at the time he had filed a previous petition. Thus, the Virginia court held that the present allegations were procedurally barred for more than one reason: the facts were previously known to the petitioner; a part of the merits of one of the allegations had been considered previously; and the balance .of the allegations had not been raised previously when they should have been.

The district court in this case, as in the other appeal heard this date in *Waye v. Townley,* did not enter its formal written order denying relief and denying the prayed-for stay of execution; rather, apparently, it relied upon its oral directions delivered in open court. We treat the oral denial as if an order had been entered denying all relief claimed in the petition for habeas corpus and denying the stay of execution, although no written order was formally entered. See *Cedar Coal v. United Mine Workers of America,* 560 F.2d 1153, 1161 (4th Cir.1977).

The attorney for Waye has filed in this court a motion for stay of execution and has advised us that he relies upon the papers filed in the district court for the merits of his case.

The Virginia court, in its denial of Waye's parallel petition, found that the facts on which the petition was based were known to the petitioner at the time of filing a previous habeas petition. Although that decision is entitled to presumptive validity under 28 U.S.C. § 2254(d), and nothing was brought to the attention of the district court to offset such presumptive finding, the district court, nevertheless, with care, went over each of the present allegations, which we have numbered above A through G, and found that Waye had not shown the cause and prejudice necessary because of the procedural default. We are of similar opinion, that the cause and prejudice required to overcome the procedural default has not been shown for any of the grounds. The district court, additionally, made factual comments with respect to certain of the grounds to the effect that there was no merit to them in fact, in any event, and we agree with its comments.

As the Virginia Supreme Court and the district court have found, all of the facts on which the current petition was based were either known or available to the petitioner years ago. While it is true that the tack the petitioner takes in this case principally is to disclaim inadequate performance of his attorneys on the one hand, and claim inadequate performance of his psychiatrist on the other, we think that no such rule

should be inaugurated, even in a capital case. It will nearly always be possible in cases involving the basic human emotions to find one expert witness who disagrees with another and to procure an affidavit to that effect from the second prospective witness. To inaugurate a constitutional or procedural rule of an ineffective expert witness in lieu of the constitutional standard of an ineffective attorney, we think, is going further than the federal procedural demands of a fair trial and the constitution require. There must be some finality to litigation, and the final stage has been reached in this case.

We are not unaware of the seriousness of the case and of our lack of inclination to decide the same on procedural rather than substantive grounds. Yet, the very lateness of the petition does not serve to add to any possible merit therein. Despite this, we have carefully considered the current petition for habeas corpus, and although we decide the case on the procedural aspects, we are of opinion that it is without substantive merit.

The judgment of the district court appealed from is accordingly affirmed.

The motion for a stay of execution is denied.

The mandate will issue forthwith.