Henderson McLEE, # 155454, Petitioner,

v.

Ronald J. ANGELONE, Director of the Virginia Department of Corrections, Respondent.

Action No. 2:96CV1152.

United States District Court, E.D. Virginia, Norfolk Division.

June 10, 1997.

Henderson McLee, Chesapeake, VA, pro se.

Wirt P. Marks, III, Attorney General's Office, Richmond, VA, for Respondent.

## FINAL ORDER

CLARKE, District Judge.

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. Report of the Magistrate Judge was filed on April 18, 1997 recommending denial of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received petitioner's "Objections to Magistrates [sic] Recommendations" on May 1, 1997.

The Court, having examined the objections filed by the petitioner to the United States Magistrate Judge's Report and having made *de novo* findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed April 18, 1997. The Court agrees with the Magistrate Judge's Report and Recommendation on the grounds stated by the Magistrate Judge, and hereby adopts the attached Report and Recommendation in its entirety.

The Court emphasizes that the Virginia Supreme Court has reached a decision on the merits pursuant to 28 U.S.C. § 2254(d) when it states, "... finding no merit as to the remaining allegations raised by petitioner, the Court is of the opinion that the writ of habeas corpus should not issue as prayed for." Virginia Supreme Court, Upon a Petition for a Writ of Habeas Corpus, Record No. 960571, Sept. 23, 1996.

It is, therefore, ORDERED that the petition be DENIED and DISMISSED and that judgment be entered in favor of the respondent.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment. For the reasons stated in said report, the court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

IT IS SO ORDERED.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

MILLER, United States Magistrate Judge.

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the

Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Henderson McLee is an inmate presently confined at the Indian Creek Correctional Center, within the custody of the Virginia Department of Corrections. He is currently serving a total sentence of twenty-nine (29) years as a result of July 29, 1987 convictions from the Circuit Court of the City of Chesapeake, and July 19, 1990 convictions from the Circuit Court for the City of Virginia Beach. On July 29, 1987, petitioner was convicted of two counts of robbery and two counts of use of a firearm, and was sentenced for eight (8) years on each of the robbery counts, and two (2) years on one count and four (4) years on the other count of the use of a firearm. On July 19, 1990, petitioner was convicted of robbery and use of a firearm and received a sentence of three (3) years and four (4) years respectively.

Petitioner, presently in the custody of the Virginia Department of Corrections at the Indian Creek Correctional Center in Chesapeake, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 26, 1996. On January 23, 1997, respondent filed a Motion to Dismiss with accompanying Memorandum in Support.[1] Petitioner's Opposition to Motion to Dismiss was ordered filed by this court on February 25, 1997.[2]

### B. Grounds Alleged

The petitioner now asserts in this Court that the following entitle him to relief under 28 U.S.C. § 2254:

(a) The Department of Corrections arbitrarily used non– § 53.1–151(B)(1) offenses in determining petitioner to be ineligible for parole;

(b) The Department of Corrections' arbitrary use of § 53.1–151(B)(1) violates the Equal Protection Clause;

(c) The Department of Corrections' application of § 53.1–151(B)(1) on an as applied basis is void for vagueness and violative of due process.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia on March 18, 1996, claiming ineffective assistance of counsel and unadvised guilty plea. These were the only two claims in the original petition, and they were labeled claims (A) and (B), respectively. On May 31, 1996, petitioner filed a Motion for Leave of Court to Amend Petition, adding two additional claims. The motion to amend was granted by the Supreme Court of Virginia on June 12, 1996. The two additional claims, as stated by the petitioner, were as follows:

CLAIM D: The Department of Corrections' arbitrary application of Code of Virginia § 53.1–151(B)(1) violates the Equal Protection Clause of the state and the United States Constitution.

CLAIM E: The Department of Corrections' application of § 53.1–151(B)(1) on its *as applied bases* is void for vagueness as violative of due process of law.

Petitioner raises an additional claim, which he refers to as claim (c), in his Opposition to Motion to Dismiss, but this claim was never stated in his petition or amended petition. The petition was dismissed by the Supreme Court on September 23, 1996. Accordingly, two of Petitioner's claims, claims (b) and (c), have been exhausted and are ripe for federal review on the merits.

### Claim (a)

■ Petitioner's first claim, the alleged arbitrary use of non– § 53.1–151(B)(1) offenses

---

1. This Court entered an order on December 13, 1996, directing respondent to respond within thirty days. The response was not timely filed, but on January 23, 1997, this Court granted respondent's Motion for An Enlargement of Time/Motion to Accept as Timely Filed the Motion to Dismiss/Memorandum in Support.

2. Petitioner's response was due twenty-one days from receipt of the motion to dismiss. The response, dated January 16, 1997, was not mailed until February 20, 1997. On February 25, 1997, United States Magistrate Judge Tommy E. Miller ordered the response to be filed with this court.

in determining petitioner's parole ineligibility, has not been properly exhausted. Petitioner raised the claim in his reply briefs to his state habeas petition, but the claim was not included in the original or amended petitions, and was not addressed by either the Department of Corrections or the Virginia Supreme Court. Accordingly, claim (a) is not exhausted.

■ It is the State which bears the primary responsibility for administering its system of criminal justice and for correcting any deprivations of constitutional rights that might occur within that system. For this reason, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).[3] A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 8, 112 S.Ct. 1715, 1719, 118 L.Ed.2d 318 (1992).

Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See* 28 U.S.C. § 2254(b) and (c). Such exhaustion shall not be deemed to have occurred if the applicant "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

■ A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture. *George v. Angelone,* CA–95–1–3, (4th Cir. November 14, 1996); *Gray v. Netherland,* — U.S. —, —, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996).

■ Under Virginia law, "a petitioner is barred from raising any claim in a successive petition if the facts as to that claim were either known 'or available' to petitioner at the time of his original petition." *Hoke v. Netherland,* 92 F.3d 1350, 1354 n. 1 (4th Cir.1996); *Barnes v. Thompson,* 58 F.3d 971, 974 (4th Cir.), *cert. denied,* — U.S. —, 116 S.Ct. 435, 133 L.Ed.2d 350 (1995); *see Waye v. Murray,* 884 F.2d 765, 766 (4th Cir.) (per curiam), *cert. denied,* 492 U.S. 936, 110 S.Ct. 29, 106 L.Ed.2d 634 (1989); Va.Code Ann. § 8.01–654(B)(2) (Michie Supp.1996).

■ In this case, the facts as to petitioner's claim (a) were known and available to the petitioner at the time he filed his original, and amended, habeas petition with the Virginia Supreme Court. Accordingly, claim (a) may be treated as exhausted since it is clear that the claim would be procedurally defaulted under Virginia law if the petitioner attempted to raise it at this juncture.

### Claims (b) and (c)

Claims (b) and (c) have been properly exhausted in state court. The Virginia Supreme Court, in addressing the claims raised in the state petition, ruled as follows:

> Applying the rule in *Slayton v. Parrigan,* 215 Va. 27, 205 S.E.2d 680 (1974), to petitioner's allegation (b) (as identified in the petition for writ of habeas corpus), *and finding no merit as to the remaining allegations raised by petitioner,* the Court is of [the] opinion that the writ of habeas corpus should not issue as prayed for.

Virginia Supreme Court, Upon a Petition for a Writ of Habeas Corpus, Record No. 960571, Sept. 23, 1996 (emphasis added).

As petitioner filed his federal habeas petition after the effective date, the standard of review in this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214, which was signed into law on April 24, 1996. Title I of the AEDPA provides for habeas corpus reform in both capital and

---

**3.** 28 U.S.C.S 2254(b)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214, provides that a petition may be *denied* on the merits without exhaustion of state remedies.

However, this amendment does not effect a change in the general rule that a petition may not be *granted* by a federal court until the petitioner has exhausted his state court remedies.

non-capital cases. Section 104 of the AEDPA amends 28 U.S.C. § 2254. Accordingly, the standard of review in this case is governed by 28 U.S.C. § 2254(d), as amended by the AEDPA.

The new § 2254(d) governs the treatment federal courts must give to previous state court adjudications on the merits. Pursuant to this section, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless the Supreme Court of Virginia's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

In general, § 2254(d) requires the federal court to make two types of judgments in the process of adjudicating legal issues. First, the court must decide whether there is a qualifying state court decision. The claim must have been "adjudicated on the merits in State court proceedings ... result[ing] in a decision." 28 U.S.C. § 2254(d) (preamble); *id.* § 2254(d)(1). If there is a qualifying state decision, the application shall not be granted with respect to that claim unless the decision was (1) contrary to, or an unreasonable application of, a clearly established Supreme Court decision, or (2) based on an unreasonable determination of facts. With these provisions, the *de novo* review put into place by *Brown v. Allen,* 344 U.S. 443, 458, 73 S.Ct. 397, 407–08, 97 L.Ed. 469 (1953), is abrogated. The focus of federal court review is now the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves.

When the issue tendered to the federal court in a habeas proceeding is the application of a settled principle to the facts of the case, under the new amendments, the petitioner must show that the state court's determination was not merely incorrect, but "unreasonable." 28 U.S.C. § 2254(d)(1). The Fifth Circuit Court of Appeals has stated that under this section, an application of law to facts is "unreasonable" only when:

it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.

*Drinkard v. Johnson,* 97 F.3d 751, 768 (5th Cir.1996).

■ In this case, petitioner's claims (b) and (c), as they were presented in his state habeas petition, were dismissed upon a finding that they lacked merit. Section 2254(d), as amended, imposes a presumption of correctness of a state court's legal conclusion, and that presumption may be rebutted only under limited circumstances. 28 U.S.C. § 2254(d). A state court decision must satisfy four prerequisites in order to qualify under § 2254(d). There must be: [1] a state court *adjudication,* [2] *on the merits,* [3] in formal *state court proceedings,* and [4] the adjudication must have *resulted in a decision.* 28 U.S.C. § 2254(d). Clearly in this case there were formal state court proceedings that resulted in the decision to dismiss the claims because they lacked merit. The question remains as to whether this decision constitutes an adjudication on the merits. If so, then this court cannot grant relief unless such decision is contrary to well-established federal law or is an unreasonable determination of the facts of the case. While such an analysis may seem redundant and unnecessary, it is important to closely examine the meaning of § 2254(d) and the appropriate course of action for courts to take when there is such a ruling from the state court.

■ It can be argued that without an explanatory decision from the state supreme court, a reviewing federal court cannot determine what factors the state court relied upon in rendering its decision, and that a summary denial of relief may not suffice under the new statute. *See* Liebman, James S., "The New Habeas: The Standard for Adjudicating Legal Questions," *New Developments in the Federal Law of Habeas Corpus,* Federal Judicial Center, Sept. 12, 1996, p. 221–23.

However, the starting point in statutory interpretation is "the language [of the statute] itself." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756, 95 S.Ct. 1917, 1935, 44 L.Ed.2d 539 (1975) (Powell, J., concurring). Courts must "assume that the legislative purpose is expressed by the ordinary meaning of the words used." *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982). With the language of § 2254(d) controlling the analysis, this Court cannot read a requirement into the statute that simply does not exist. Section 2254(d) does not require an explanatory decision from the state court; rather, it enables the reviewing federal court to look to the bottom-line "decision" and apply the "contrary to ... law" standard of review. There is no requirement in the statute that the state court decision be detailed or explanatory in nature for § 2254(d) to apply. Therefore, a court's summary denial of relief and subsequent dismissal of a petition because it is without merit may qualify as a "decision" to which § 2254(d) may apply.

To determine if a claim is without merit, it is necessary for a court to closely examine the alleged merits of the claim. Accordingly, the Supreme Court of Virginia had to reach the merits of the petition to determine whether it was with or without merit. Therefore a dismissal of a state habeas petition because it is without merit qualifies as an adjudication on the merits under 28 U.S.C. § 2254(d).

■ The Supreme Court of Virginia, by unpublished opinion dated September 23, 1996, dismissed petitioner's claims because they lacked merit. This Court construes that ruling as one on the merits, and accordingly this Court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless one of two statutory exceptions applies. This case does not involve a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, nor has it resulted in a decision that was based on an unreasonable determination of the facts.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED.

Claim (a) has not been exhausted in state court. However, this Court may deem the claim exhausted since it would be procedurally defaulted if raised at this juncture.

Pursuant to § 2254(d), claims (b) and (c) cannot be heard by this Court because there has been a prior adjudication on the merits by the Virginia Supreme Court.

In addition, it is recommended that the Court decline to issue any certificate of appealability as required by Rule 22(b) of the Federal Rules of Appellate Procedure.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir.1984), *cert. denied*, 474 U.S. 1019, 106 S.Ct. 567, 88 L.Ed.2d 552 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*,

467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).