DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas, which ruled against appellant's postconviction relief efforts in a capital murder case. Because we conclude that appellant was neither denied due process nor effective assistance of counsel, we affirm.
In 1995 a three-judge panel found appellant, Johnny R. Baston, guilty of aggravated murder in the 1994 slaying of a Toledo shopkeeper. Following a mitigation hearing, the panel sentenced appellant to death. We affirmed his conviction and sentence, State v. Baston (Sept. 12, 1997), Lucas App. No. L-95-087, unreported, as did the Supreme Court of Ohio. State v. Baston (1999), 85 Ohio St.3d 418. Appellant's motion for reconsideration was denied. State v. Baston (1999), 86 Ohio St.3d 421. Certiorari denied Baston v. Ohio (1999), ___ U.S.___, 145 L.Ed.2d 488.
Pursuant to R.C. 2953.21 and concurrent with his direct appeal, appellant petitioned the trial court to vacate the death sentence. Appellant set forth two grounds for relief. He first asserted that his, "* * * right to effective assistance of counsel * * * was violated because his counsel did not have adequate assistance from the [court appointed] psychologist." Appellant's second ground for relief was a more general assertion of ineffective assistance of counsel premised upon his trial counsel's alleged failure to recognize and correct the deficient performance of appellant's court appointed psychologist.
The trial court noted that appellant had raised claims of ineffective assistance of counsel on direct appeal. Consequently, the trial court concluded, absent a showing that evidence de hors the original record supported appellant's claims, his present assertion of ineffective counsel was barred by the doctrine of res judicata. The trial court found appellant's proofs inadequate in that regard and denied his petition for relief.
From this judgment appellant now brings this appeal, setting forth the following three assignments of error.
 "I. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT APPELLANT'S MOTION TO VACATE OR SET ASIDE SENTENCE WAS BARRED BY APPLICATION OF RES JUDICATA
 "II. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT APPELLANT'S MOTION TO VACATE OR SET ASIDE SENTENCE WAS NOT SUPPORTED BY ADEQUATE DOCUMENTARY EVIDENCE
 "III THE TRIAL COURT ERRED WHEN IT DETERMINED THAT APPELLANT'S INEFFECTIVE ASSISTANCE CLAIMS WERE THEMSELVES DEFICIENT"
Appellant premises his argument on the assertion that there is an independent due process right for a defendant to be afforded an "appropriate" psychological or psychiatric examination — one that will assist in the evaluation, preparation and presentation of his defense. Appellant insists that he was denied this right. He supports his assertion with an affidavit from trial counsel, an affidavit from a clinical psychologist engaged in postconviction matters, a letter from the clinical forensic psychologist who examined appellant prior to trial, and a full postconviction psychological evaluation performed by the postconviction clinical psychologist.
In his affidavit, defense counsel averred that the defense team hired a clinical, forensic psychologist who tested appellant before trial. The psychologist reported orally to the defense that she should not be called as a witness since "* * * she had nothing good to say about Mr. Baston." Because of this recommendation, defense counsel chose not to present any psychological testimony.
Attached to the petition is a letter from the trial psychologist to the postconviction psychologist in which the trial psychologist states, "I did not prepare a report on Mr. Baston, if I recall, because my findings would not have been useful to his attorney, and I honestly do not remember if I even scored the tests completely."
The affidavit from the postconviction psychologist details the steps this professional believes constitute "appropriate" services which should be provided a capital defendant.
The final document in support of the petition is the postconviction psychologist's evaluation in which she opines that appellant likely has a learning disability and there exists, "* * * a possibility of * * * an undiagnosed or untreated Bipolar Disorder."
 I.
In his first assignment of error, appellant contends that the trial court misapprehended his motion when it applied the doctrine of resjudicata to his due process claim. Res judicata bars a convicted defendant from raising on postconviction relief any defense or denial of due process which was or could have been raised at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
On direct appeal, appellant raised ineffective assistance of counsel in several permutations. Because of this, the trial court ruled that he is now barred from relitigating the issue, even if this variety of ineffectiveness was not expressly raised.
Appellant disagrees. Appellant argues that neither prong of his argument could have been raised earlier because he relies on evidence dehors the record. Moreover, appellant contends that his argument concerning ineffectiveness of his expert psychologist is not merely another flavor of ineffectiveness of counsel, it is an independent violation of appellant's due process rights pursuant to Ake v. Oklahoma
(1985), 470 U.S. 68. Ineffectiveness of an expert cannot be shown, appellant contends, without the evaluation of another expert which would necessarily be outside the record on direct appeal.
Additionally, appellant argues that the ineffectiveness of an expert consultant may also impinge on the presumption of effectiveness of counsel, as counsel has a duty to insure the expert's competence. This, too, would be outside the record, because a trial lawyer should not be expected to recognize ineffectiveness of an expert absent an evaluation of that expert's performance by another expert.
Appellant complains to us that the trial court skirted the issue of whether an independent right for effective assistance of a psychologist or a psychiatrist exists. We will deal with this directly.
Glen Ake was an indigent charged with capital murder in Oklahoma. At arraignment, Ake's behavior was so bizarre that the court sua sponte
ordered a psychiatric examination. The court appointed psychiatrist found Ake incompetent to stand trial. Ake was committed to a mental hospital until, through the application of anti-psychotic drugs, he was deemed competent to stand trial.
Prior to trial, Ake's defense counsel informed the court that he would likely raise an insanity defense and requested a psychiatric evaluation at state expense to determine Ake's mental condition at the time of the offense. The trial court denied the request. At the guilt phase of the trial, the psychologist who determined Ake's competency testified that Ake was a danger to society.
Even though he did not have an expert, Ake raised the insanity defense. Not surprisingly, the jury convicted him. Moreover, Ake had no psychiatric evidence at the sentencing phase to rebut the court appointed psychiatrist's assessment of dangerousness or to speak in mitigation. Ake was sentenced to death.
Ake's conviction and sentence were affirmed by the Oklahoma appellate courts. On appeal to the United States Supreme Court, the court reversed the state courts' decisions, concluding that when there is a preliminary showing that an indigent defendant's sanity at the time of the offense will be a significant issue at trial, the state must provide a psychiatrist to assist in his or her defense. Ake v. Oklahoma, supra, at 77. Additionally, when a defendant's future dangerousness will be an issue at the sentencing phase, the assistance of a psychiatrist is also required. Id. at 84-86.
Ake was followed by two cases which appellant cites in support of his argument: Starr v. Lockhart (C.A.8, 1994), 23 F.3d 1280, and Cowley v.Stricklin (C.A.11, 1991), 929 F.2d 640. In these cases, upon a suggestion that a defendant might be mentally impaired, the respective trial courts ordered competency evaluations, but refused to appoint a psychiatrist specifically to aid in the preparation and presentation of the defendant's case. In each, the respective Circuit Court of Appeals ruled, on authority of Ake, that denial of an independent psychiatric expert violated the defendant's right to due process.
What distinguishes the present case from those discussed above is that here the trial court appointed the clinical psychologist which appellant requested. Appellant now insists that he is also entitled to the effective assistance of his psychologist in addition to the effective assistance of counsel. Appellant directs our attention to no authority which holds that such a dual entitlement exists. In fact, our independent examination of the question reveals the opposite.
Although Ohio courts have never directly addressed this question, other courts have rejected the notion that an independent right exists to effective assistance of a psychologist or a psychiatrist. As the U.S. Court of Appeals for the Fourth Circuit noted in Waye v. Murray (C.A.4, 1989), 884 F.2d 765, 767,
 "[I]t will nearly always be possible in cases involving the basic human emotions to find one expert witness who disagrees with another and to procure an affidavit to that effect from the second prospective witness. To inaugurate a constitutional or procedural rule of an ineffective expert witness in lieu of the constitutional standard of an ineffective attorney, we think, is going further than the federal procedural demands of a fair trial and the constitution require."
Other courts concur. Turpin v. Bennett (1999), 270 Ga. 584, 588, (no recognized right to effective assistance of expert witness); Wilson v.Greene (C.A.4, 1998), 155 F.3d 396, 401, (defendant not entitled to effective assistance of expert); People v. Samayoa (1997), 15 Cal.4th 795,838, (no right to effective assistance of psychologist); Alley v.Tennessee (1994), 882 S.W.2d 810, 814, (constitutional umbrella does not include the competency of the expert witness); Harris v. Vasquez (C.A.9, 1990), 949 F.2d 1497, 1517-1518, (to allow psychiatrists to debate psychiatric testimony would place courts in a "psycho-legal quagmire");Salagy v. Peters (C.A.7, 1990), 905 F.2d 986, 1013, (courts should be reluctant to entertain a battle of experts in a competence review).
We find the reasoning of these cases persuasive and conclude that there is no independent right to effective assistance of a psychologist or psychiatrist. Therefore, since there is no independent right, appellant's evidence de hors the record is relevant only to the extent that it concerns the effectiveness of counsel issue. In light of our conclusions in that area, appellant's first assignment of error is moot.
 II.
What remains is the question of whether trial counsel was ineffective within the context of the Sixth Amendment by failing to discover the trial psychologist's supposed incompetence.
The standards of analysis for ineffective assistance of counsel are familiar.
 "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Accord, State v. Smith (1985), 17 Ohio St.3d 98, 100.
Scrutiny of counsel's performance must be deferential. Strickland v.Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's.State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v. Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. Seeid. at 694. See, also, State v. Lott (1990), 51 Ohio St.3d 160, for Ohio's adoption of the Strickland test.
Absent an independent guarantee of effectiveness of a psychologist, the question is whether counsel's failure to detect their psychologist's "incompetence" was 1) so egregious as to constitute an absence of "counsel" as guaranteed by the Sixth Amendment; and, if so, 2) was appellant prejudiced by this deficiency to the extent that there would be a reasonable probability that a different result would have been obtained.
Appellant concedes that to some extent counsel was entitled to rely on the expertise of the trial psychologist. It is uncontested that the trial psychologist told defense counsel that the results of her findings relative to the defendant would not be useful. Appellant's postconviction psychologist obviously disagrees with this advice. However, a careful examination of the material submitted by the postconviction psychologist fails to allege at any point that the trial psychologist was incompetent or even wrong in her assessment.
In order to show that trial counsel was deficient in believing the trial psychologist, at a minimum, it must be demonstrated that the trial psychologist's performance was substandard. The postconviction psychologist's affidavit was insufficient to establish this. Accordingly, appellant's second and third assignments of error are not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ James R. Sherck, J.,
Peter M. Handwork, J., JUDGE, George M. Glasser, J., JUDGE CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.